IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRUSTEES OF THE INDIANA ELECTRICAL WORKERS PENSION TRUST FUND, IBEW, <br><br> and <br><br> TRUSTEES OF THE IBEW LOCAL UNION 481 DEFINED CONTRIBUTION PLAN AND TRUST, <br><br> and <br><br> TRUSTEES OF THE IBEW LOCAL NO. 481 SUPPLEMENTAL UNEMPLOYMENT BENEFIT PLAN, <br><br> and <br><br> TRUSTEES OF THE ELECTRICAL WORKERS BENEFIT TRUST FUND, <br><br>       Plaintiffs, <br><br> -vs- <br><br> ARMSTEAD ELECTRIC LLC <br><br>       Defendant. | CASE NO. 1:25-cv-1826 |

## COMPLAINT

1. Plaintiffs are trustees of multiemployer benefit funds. Defendant is an employer that is obligated to make contributions to the funds based upon a contractually agreed rate so that Defendant's employees may participate in and receive the employee benefits of the Funds. Plaintiffs bring this action on behalf of the participants and beneficiaries of the Funds for the purpose of collecting contributions and other amounts due to the funds.

1

## JURISDICTION AND VENUE

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (2014). Jurisdiction is conferred upon this Court pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145, as this is a suit against an employer for failing to make required contributions to employee benefit funds. Jurisdiction is also conferred upon this Court pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), as this suit alleges violations of a collective bargaining agreement involving an employer and labor organization.

3. Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C § 1132(e)(2), because the Funds of which Plaintiffs are trustees are administered within the jurisdiction of the U.S. District Court, Southern District of Indiana.

## THE PARTIES

4. Plaintiffs, Trustees of the Indiana Electrical Workers Pension Trust Fund ("Pension Fund"), are fiduciaries of a Trust Fund created pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5). The Pension Fund is an employee pension plan and multiemployer plan within the meaning of ERISA §§ 3(2) and (37), 29 U.S.C. §§ 1002(2) and (37). The Pension Fund's principal place of business is located at 1828 N. Meridian Street, Ste.103, Indianapolis, Indiana 46202. The Pension Fund is administered through a Trust Agreement, a copy of which is attached hereto as **Exhibit C**.

5. Plaintiffs Trustees of the IBEW Local Union 481 Defined Contribution Plan and Trust ("DC Fund") are fiduciaries of a Trust Fund created pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5). The DC Fund is an employee pension plan and multiemployer plan within the meaning of ERISA §§ 3(2) and (37), 29 U.S.C. §§ 1002(2) and (37). The DC Fund is administered

by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), and the DC Fund's Board of Trustees is the "plan sponsor" as defined by 29 U.S.C. § 1002(16(B)(iii). The DC Fund's principal place of business is located at 1828 N. Meridian Street, Ste.103, Indianapolis, Indiana 46202. The DC Fund is administered through a Trust Agreement, a copy of which is attached hereto as **Exhibit D**.

6.  Plaintiffs, Trustees of the IBEW Local No. 481 Supplemental Unemployment Benefit Plan ("SUB Fund"), are fiduciaries of a Trust Fund created pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5). The SUB Fund is a multiemployer supplemental unemployment benefit plan within the meaning of ERISA §§ 3(37), 29 U.S.C. § 1002(37). The SUB Fund's principal place of business is located at 1828 N. Meridian Street, Ste.103, Indianapolis, Indiana 46202. The SUB Fund is administered through a Trust Agreement, a copy of which is attached hereto as **Exhibit E**.

7.  Plaintiffs, Trustees of the Electrical Workers Benefit Trust Fund ("Welfare Fund"), are fiduciaries of a Trust Fund created pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5). The Welfare Fund is an employee welfare plan and multiemployer plan within the meaning of ERISA §§ 3(1) and (37), 29 U.S.C. §§ 1002(1) and (37). The Welfare Fund's principal place of business is located at 1828 N. Meridian Street, Ste.103, Indianapolis, Indiana 46202. The Welfare Fund is administered through a Trust Agreement, a copy of which is attached hereto as **Exhibit F**.

8.  Defendant, Armstead Electric LLC, is an Indiana limited liability company with its principal place of business located in Marion County, Indiana.

9.  At all relevant times, Defendant was a part to and agreed to abide by the terms of a collective bargaining agreement ("CBA"). A copy of the relevant CBA and Defendant's Letter of

Assent thereto, are attached here as **Exhibit A** and **Exhibit B**, respectively.

10. At all relevant times, an employer as defined in LMRA § 2(2), 29 U.S.C. § 152(2) and ERISA § 3(5), 29 U.S.C. § 1002(5). Defendant was engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12).

## COUNT I

**(ERISA Section 515, 29 U.S.C. Section 1145 – Failure to Pay Contributions)**

11. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

12. The terms of the CBA require Defendant to make contributions to the Funds, along with contributions to other employee benefit funds, based upon the number of hours worked by Defendant's employees and resulting payroll. (Exhibit A, p. 15-20).

13. In addition to requiring contributions to the Fund, the CBA also incorporates by reference the terms of the Funds' Trust Agreements. The Trust Agreements, in turn, give the Plaintiffs the authority to collect employer contributions due to the Fund. (Exhibit C, p. 16; Exhibit D, pp. 11-12; Exhibit E, p. 28; Exhibit F, p. 24). The Trust Agreements also authorize Plaintiffs to adopt and enforce policies and rules for the administration of the Fund, such as a collection policy. (Exhibit G, p. 46). A copy of the Fund's Delinquency Procedure is attached hereto as **Exhibit G**.

14. Pursuant to the terms of the CBA, Trust Agreements, and Delinquency Procedure, Defendant is required to make monthly contributions to the Funds on behalf of each of its employees. (Exhibit A, p. 15-20). Defendant must submit all monthly reports and contributions by the 15th day of the month following the month in which work was performed. (Exhibit G, p. 1). If payment is not received by the due date, the contributions are delinquent and are subject to liquidated damages and interest. (Exhibit G, p. 3). Defendant is also liable for all attorney fees and costs incurred in connection with the delinquent contributions and/or other amounts owed to the Funds. *Id*.

15. Defendant has failed to pay the required contributions to the Plaintiffs' Funds for April 2025 and later. As of September 12, 2025, delinquent contributions totaling not less than $20,879.48 are owed to the Funds.

16. Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant is therefore liable for delinquent contributions, liquidated damages, interest and attorney fees and costs pursuant to ERISA § 502(a)(3) and (g)(2), 29 U.S.C. §1132(a)(3) and (g)(2).

## COUNT II

**(LMRA Section 301, 29 U.S.C. Section 185 – Breach of Contract)**
**(Failure to Pay Contributions)**

17. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

18. At all relevant times, Defendant was a party to and agreed to abide by the terms of a CBA. The terms of the CBA require Defendant to make contributions to the Funds, along with contributions to other employee benefit funds, based upon the number of hours worked by Defendant's employees and resulting payroll.

19. In addition to requiring contributions to the Funds, the CBA also incorporates by reference the terms of the Funds' Trust Agreements. The Funds' Trust Agreement, in turn, give Plaintiffs the authority to collect employer contributions due to the Fund. (Exhibit C, p. 16; Exhibit D, pp. 11-12; Exhibit E, p. 28; Exhibit F, p. 24). The Trust Agreements also authorizes Plaintiffs to adopt and enforce policies and rules for the administration of the Fund, such as collection policies. (Exhibit C, p. 14-16; Exhibit D, pp. 11-12; Exhibit E, pp. 24-26; Exhibit F, pp. 23-24).

20. Pursuant to the terms of the CBA, Trust Agreements, and Delinquency Procedures, Defendant is required to make monthly contributions to the Fund on behalf of each of its employees. (Exhibit A, p. 15-20). Defendant must submit all monthly reports and contributions by

the 15th day of the month following the month in which work was performed. (Exhibit G, p. 1). If payment is not received by the due date, the contributions are delinquent and are subject to liquidated damages and interest. (Exhibit G, p. 3). Defendant is also liable for all attorney fees and costs incurred in connection with the collection of delinquent contributions and/or other amounts owed to the Funds. *Id*.

21. Defendant has failed to pay the required contributions to the Plaintiffs' Funds for April 2025 and later. As of September 12, 2025, delinquent contributions totaling not less than $20,879.48 are owed to the Funds.

22. Defendant's actions are in violation of the CBA, Trust Agreements, and Delinquency Procedures, and Defendant is therefore liable for delinquent contributions, liquidated damages, interest and attorney fees and costs pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT III

**(ERISA Section 515, 29 U.S.C. Section 1145 - Failure to Pay Liquidated Damages)**

23. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

24. Pursuant to the terms of the CBA, Trust Agreements, and Delinquency Procedures, Defendant is required to make monthly contributions to the Funds on behalf of each of its employees. (Exhibit A, p. 15-20). Defendant must submit all monthly reports and contributions by the 15th day of the month following the month in which work was performed. (Exhibit G, p. 1) If payment is not received by the due date, the contributions are delinquent and are subject to liquidated damages of 10% of the contribution amount and interest at the rate of 1% per month until paid in full. (Exhibit G, p. 3).

25. Because of Defendant's failure to make full and correct timely contribution payments for the months of October 2024 and later, Defendant is liable for liquidated damages and interest on all such delinquent contribution amounts.

26. Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant is therefore liable for liquidated damages and interest pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).

## COUNT IV

**(LMRA Section 301, 29 U.S.C. Section 185 – Breach of Contract)**
**(Failure to Pay Liquidated Damages)**

27. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

28. Pursuant to the terms of the CBA, Trust Agreements, and Delinquency Procedures, Defendant is required to make monthly contributions to the Funds on behalf of each of its employees. (Exhibit A, p. 15-20). Defendant must submit all monthly reports and contributions by the 15th day of the month following the month in which work was performed. (Exhibit G, p. 1) If payment is not received by the due date, the contributions are delinquent and are subject to liquidated damages of 10% of the contribution amount and interest at the rate of 1% per month until paid in full.  (Exhibit G, p. 3).

29. Because of Defendant's failure to make full and correct timely contribution payments for the period of October 2024 and later, Defendant is liable for liquidated damages and interest on all such delinquent contribution amounts.

30. Defendant's actions are in violation of CBA, Trust Agreements, and Delinquency Procedures, and Defendant is therefore liable for liquidated damages and interest pursuant to LMRA § 301, 29 U.S.C. § 185.

**WHEREFORE**, Plaintiffs demand the following relief against Defendant:

A.  Judgment in favor of Plaintiffs and against Defendant for unpaid and delinquent contributions owed by Defendant at the time of judgment;

B.  Judgment on behalf of Plaintiffs and against Defendant for accumulated interest and liquidated damages on the delinquent contributions, plus any additional interest accrued at the time of an entry of judgment;

C.  Judgment on behalf of Plaintiffs and against Defendant in the amount of unpaid contributions which should accrue during the pendency of this action, as provided under ERISA § 502(g), 29 U.S.C. § 1332 (g)(2)(A);

D.  An award of attorney's fees and costs incurred in connection with the collection of the unpaid amounts as provided for by the terms of the CBA, Trust Agreements, Delinquency Procedure, and ERISA § 502(g), 29 U.S.C. § 1332(g)(2)(D);

E.  Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g), 29 U.S.C. § 1132(g)(2)(E).

Respectfully submitted,

LEDBETTER PARTNERS LLC

/s/ Sawyer C. Lehman
Sawyer C. Lehman (#35287-49)
Thomas R. Kendall (#26859-15)
5078 Wooster Rd., Suite 400
Cincinnati, OH 45226
(937) 619-0900 (ph)
(937) 619-0999 (fax)
slehman@fringebenefitlaw.com
tkendall@fringebenefitlaw.com
*Attorneys for Plaintiffs*